Julius Caesar Haley v. Commissioner.
Haley v. Commissioner
Docket No. 5658.
United States Tax Court
1945 Tax Ct. Memo LEXIS 334; 4 T.C.M. (CCH) 84; T.C.M. (RIA) 45038; January 23, 1945
*334 J. A. Henry, Esq., and Ray R. Williams, Esq., for the petitioner. F. L. Van Haaften, Esq., for the respondent. TURNER Memorandum Findings of Fact and Opinion TURNER, Judge: The respondent has determined a deficiency in income tax against the petitioner for the year 1941 in the amount of $4,575.97. The question presented is whether the petitioner's daughter was a member of the partnership operating as J. C. Haley Furniture Company, or whether the interest claimed as hers was a part of petitioner's interest in the business. Findings of Fact The petitioner is a resident of Greenville, South Carolina, and filed his income tax return for the year 1941 with the Collector of Internal Revenue for South Carolina. He was born May 3, 1881. On October 16, 1913, he was married, and he and his wife were living together during the taxable year. They have two children, Julius French Haley, born May 23, 1916, and Jean Haley, born September 14, 1923. In 1907 the petitioner acquired a one-half interest in the J. D. Bridges Furniture Company of Greenville, and in 1910, he bought the other half interest in the business. He operated the business so acquired under the name of J. *335 C. Haley until 1941, in which year the name was changed to J. C. Haley Furniture Company. He was successful in the operation of the said business, and by January 1 of 1941, its assets amounted to approximately $65,000. Julius French Haley attended The Citadel, a military college in South Carolina, from which he was graduated in 1939. After graduating from college, he enlisted in the army for a period of "six months extended duty", from which he returned sometime in August of 1940. Shortly after returning from the army, he was married, and started working regularly in the petitioner's furniture business, for which he was paid a salary. Previously he had worked in the store during summer and Christmas vacations, for a period of ten years. It had long been the petitioner's intention to take his son into the furniture business with him and, acting on petitioner's suggestion, Julius French Haley had taken a course in business administration at The Citadel. After his son had returned from the army and had married, the petitioner concluded that the time had come to carry his plan into effect. He and his son talked the matter over and concluded that a partnership should be formed. Jean *336 Haley was then seventeen years of age, and being the petitioner's only other child, the petitioner concluded that in order that his children might be treated without partiality she should also be included as a partner. After discussing the arrangement at some length with his son and daughter, he instructed his attorneys to prepare the necessary papers for carrying the plan into effect. By deed of gift dated January 1, 1941, the petitioner made a gift to each of his children of a one-fourth interest in his furniture business The deed of gift reads as follows: "STATE OF SOUTH CAROLINA
"COUNTY OF GREENVILLE] Deed of Gift "Inasmuch as I am desirous of doing all in my power to give my children a start in life and at an age when it will be of greatest benefit, and "Inasmuch as it is my belief that they should be assisted in launching their business careers early in life rather than at some uncertain time in the future, and "Inasmuch as I expect to leave them a substantial interest in a growing business, and "Inasmuch as they should at once begin to acquire knowledge in the duties and responsibilities resting on proprietors, and "Inasmuch as these qualities are likely to develop *337 most favorably through experience, "Now, know all men by these presents, that I, @J. C. Haley, in the State aforesaid in consideration of the love and affection I bear my son and daughter, namely, Julius French Haley and Jean Haley, have granted and given, and do hereby grant, give, transfer and set over to them a one-fourth interest each in and to my furniture business situated at 662 South Main Street, in the City of Greenville, S.C., which business is composed of the following assets as of January 1, 1941: Net Merchandise
$13,212.83
Equipment
3,969.11
Accounts Cash Value
48,000.00
Total
$65,181.94
"The interest which I have given to Julius French Haley and Jean Haley each, is in the amount of $16,295.48. "To have and to hold all and singular the said interest in the aforesaid J. C. Haley Furniture Co., unto the said Julius French Haley and Jean Haley, or their assigns forever. "WITNESS my hand and seal this 1 day of January, 1941. J. C. HALEY "Signed, Sealed and Delivered in the Presence of "MADAH M. BRAG J. A. HENRY" On the same date, the petitioner, Julius French Haley and Jeanhaley executed and agreed to articles of partnership, in the *338 following terms: "STATE OF SOUTH CAROLINA "COUNTY OF GREENVILLE] Articles of Partnership "This indenture made this 1 day of Jan. 1941, between J. C. Haley, Julius French Haley and Jean Haley, witnesseth as follows: "1. The parties aforesaid agree to become and remain partners in the business at 662 South Main Street, Greenville, South Carolina, under the firm name of J. C. Haley Furniture Co. The said J. C. Haley owns a one-half interest in said business, he having by his Deed of Gift dated Jan. 1, 1941, transferred and set over to the aforesaid Julius French Haley and Jean Haley a onefourth interest each in the entire aforesaid business. "2. The business shall be carried on at 662 S. Main Street, Greenville, South Carolina, or at such other place as the partners shall from time to time determine. "3. It is agreed that the general plans and policies of the partnership shall be the joint responsibility of the three aforesaid partners acting together; that J. C. Haley shall be General Manager of the business and as such General Manager it will be his duty to carry into effect the plans and policies of the partners. He shall give all his time actively to the furtherance of *339 said business, and for his services as General Manager he shall receive the sum of Dollars per month, until and unless the partners agree on a different compensation. The compensation provided for the said J. C. Haley shall be made before any division of profits is made, and shall be in addition to his share of the profits. The other two partners shall be compensated for their services in such amount as the partners may agree upon, having regard to the nature and extent of the services rendered. "4. The partners agree that they shall at all times during the continuance of their partnership bear, pay and discharge in proportion to their interest in the business, all rents and other expenses that may be required for the prosecution and management of such business, and that all gains, profits and increases that shall come from said business shall likewise be proportionately shared, and that all losses shall also be proportionately borne. "5. And it is further agreed that the said partners, once in each year, namely on the 31 day of December in each and every year, or oftener if necessary, shall make and render, each to the other, full and correct inventories and accounts of all profits *340 and increase by them or either of them made, and of all losses by them or either of them sustained; and also of all payments, receipts, disbursements, and all other things by them made, received, disbursed, acted, done, or suffered in their said partnership and business; and upon the rendering of every such account shall clear, adjust, pay and deliver, each to the other, their just share of the profits so made as aforesaid. "6. The death of any partner shall not dissolve the partnership between the remaining partners. "7. If any partner shall die during the continuance of this partnership agreement, the deceased partner's representative shall succeed to his or her share in the said business as a silent partner, the profits, if any of such share during the continuance of the partnership shall be distributed to the decedent's estate or to his or her designated beneficiaries, and this disposition shall continue until the partnership is wound up. Also, in the event of the death of any partner, an account and statement shall be taken and made out of his or her share of the capital and effects in the partnership, and of all unpaid interest and profits belonging to him or her up to the *341 time of his or her decease, for which purpose a valuation shall be made of any assets and effects requiring valuation, and the surviving partner or partners shall have the right, apart from the business, to purchase such deceased partner's capital interest at such figure. "8. It is hereby declared and agreed, that if at any time during the continuance of this partnership, the said parties shall deem it necessary or expedient to make any alteration in any article, clause, matter or thing herein contained, for the more advantageous or satisfactory management of the said partnership business, it shall be lawful for them so to do by any writing under their joint hands indorsed on these articles, or entered in any of the partnership books; and all such alterations shall be adhered to and have the same effect as if the same had been originally embodied in and formed a part of these presents. "In witness whereof we hereunto set our hands and seals this 1 day of Jan. 1941. JULIUS FRENCH HALEY (L.S.) JEAN HALEY (L.S.) J. C. HALEY (L.S.) "1. J. A. Henry 2. Madah M. Brag, Witnesses." The partnership agreement was thereafter recorded with the Circuit Court of Greenville County, *342 South Carolina. Prior to 1941, Jean Haley had at various times done errands about the store, for which she had received some compensation. At the time of the above gift and execution of the partnership agreement, she was a student at Brenau College, in Gainesville, Georgia. The following year she attended Fairmont Seminary, located in Washington, D.C., and thereafter The Casements, in Florida, with which Fairmont had been merged, graduating from the latter in 1944. She spent her summers at home, and during the summer months did some work in the store. Her attendance at the store and the performance of duties there were apparently largely within her discretion. She acted as office girl, signed receipts, stamped leases, took care of freight, and when all of the salesmen were busy, met the customers until some one of the salesmen was able to assist. She also answered the telephone. She has continued to live with her parents and has not been charged for room or board. In May of either 1941 or 1942, Julius French Haley was recalled for service in the army, and has continued in the army since that time. The management of the furniture business has continued in the hands of the petitioner. *343 During 1941 about ten persons were regularly employed. When the petitioner is away, his nephew acts in his place. Petitioner and his nephew are the only persons who know the combination of the office safe. The cash book of the company shows withdrawals from the furniture business for 1941, as follows: Julius Caesar Haley
$11,496.51
Julius French Haley
6,996.95
Jean Haley
5,100.20 The withdrawals shown by Jean Haley were expended, in the main, for an automobile and Defense or War bonds, $3,750 having been expended for bonds on December 22, 1941. Other withdrawals were expended at Brenau, for personal photographs, music lessons and other personal items. A similar purchase of bonds was made for Julius French Haley, the cost thereof being charged to him. The record fails to show, and the witnesses were unable to state whether the payments for Jean Haley's clothes were made from the business and charged to her account, or whether charges therefor were made to her mother's account and paid by petitioner. It was her understanding that by reason of the gift and the partnership agreement, she was entitled to draw twenty-five percent of the profits of the business. She *344 made no examination of the records of the business to determine the amount in dollars of one fourth of the said profits. The bonds purchased for her in December of 1941 were Series E, United States Government Bonds, listed in the name of "Miss Jean Haley", but payable in case of her death to "Julius Caesar Haley". The bonds are in the petitioner's custody. In a later year, a four-apartment building was purchased in her name from the profits distributable to her under the partnership agreement. The purchase was made by the petitioner, and the rents from the apartments are collected at the store. Jean Haley was authorized to draw checks on the partnership and did write checks thereon in her own discretion. A Federal gift tax return was filed by the petitioner for the year 1941, in which the interests in the business set forth as gifts to Julius French Haley and Jean Haley in the above deed of gift were reported. The return showed no tax liability, however, since the amounts of the gifts so reported were not in excess of the statutory exemption. The net income of the business for the year 1941 was $40,687.53. The parties did not agree upon any amount as salary for petitioner, and *345 in computing the partnership profits no amount was deducted as salary paid or owing to him. After the above gifts and the execution of the partnership agreement, neither Julius French Haley nor Jean Haley received any salary or other compensation for services rendered by them in the business. In determining the deficiency herein, the respondent has increased the income of the petitioner "by the amount of $10,132.58, representing 25% of the income of the business reported by Miss Jean Haley." Opinion The respondent concedes that as to Julius French Haley the deed of gift and the partnership agreement were effective, and that the twenty-five percent of the partnership income distributable to him was not the income of the petitioner. As to Jean Haley, it is contended that there was no effective gift, that she was not a member of the partnership, and that the share of the profits distributable to her under the partnership agreement was the income of the petitioner. It had been the purpose of the petitioner that his son, Julius French Haley, after the conclusion of his education, should come into the furniture business with him, and after his son's return from service in the army, *346 in August of 1940, petitioner began to formulate plans to that end. He had one other child, Jean Haley, who was then seventeen years of age. It was only natural, under the circumstances, that he should make or plan to make provision for his daughter similar to that which was being made for his son. Desiring to show no partiality between them, he instructed his attorneys to prepare the papers necessary for carrying his plan into effect. Under this plan the petitioner, by deed of gift, transferred and assigned to each of his children a one-fourth interest in the assets and the business which had theretofore been conducted by him as an individual enterprise. From the respondent's brief, it would seem that he considers the minority of Jean Haley at the time the deed of gift was delivered and the partnership agreement was executed as significant. He makes no claim, however, that under the laws of South Carolina a minor may not be the recipient of such a gift, or that a minor may not be the owner of an interest in a business partnership, and we have found no such law. While denying that Jean Haley acquired any interest in the partnership, the respondent admits that Julius French Haley, *347 by gift from his father, became the owner of a one-fourth interest in the partnership, and yet the claim of Jean Haley to a one-fourth interest is based on exactly the same acts and instruments by and through which Julius French Haley acquired his interest. From the evidence, we have concluded and found that the petitioner intended to give, and did give, to Jean Haley, his daughter, a one-fourth interest in his furniture business, which was thereafter operated as a partnership known as the J. C. Haley Furniture Company. Accordingly, the one-fourth of the partnership profits distributable to her under the partnership agreement was her income, and not that of the petitioner. Decision will be entered for the petitioner.